### BAKER v. MANNING.

*Appeal from Van Buren District Court — Monday, December 11.*

#### CONFLICTING EVIDENCE.

EQUITABLE action for redemption of lands from sheriff's sale. Decree for defendant. Plaintiff appeals. The facts are stated in the opinion.

*McCrary, Miller & McCrary* and *E. L. Burton* for the appellant — *Trimble & Baldwin* and *Jones & Moore* for the appellee.

DAY, J. — In December, 1858, Henry S. Taylor recovered judgment against the plaintiff for $1,259.21. In September, 1850, certain real estate of plaintiff was sold on execution, and bid in by said Taylor for the amount of the judgment and costs.

About the time of the expiration of the year for redemption Taylor received a sheriff's deed for said land. In April, 1861, Henry S. Taylor deeded to the defendant Manning all of said lands, in consideration of the amount of the judgment entered and attorney's fees for collection.

Plaintiff claims that it was agreed with Taylor that he was to have an unlimited time for the redemption of the land from sheriff's sale, even after the execution of the sheriff's deed; that Manning advanced the money to aid plaintiff in effecting the redemption, and was to allow plaintiff an indefinite time to redeem, or to sell enough of the land to re-imburse the amount of his advance and interest.

Plaintiff alleges that Manning has sold land more than sufficient to repay him the amount advanced. He asks judgment for the excess, and prays that defendant may be decreed to convey the lands unsold. All the allegations of the petition are denied in the answer. The case involves solely a question of fact. Each member of the court has carefully read the evidence submitted, and is satisfied that the plain-

tiff's petition is not sustained by the testimony. A discussion of the evidence, which is quite voluminous, so as to set forth satisfactorily the manner in which this conclusion is reached, would occupy much space in the reports, and be interesting neither to the parties nor to the profession.

Affirmed.